**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **RODNEY GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 14-2335-JTF/tmp** |
| | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On May 7, 2014, plaintiff Rodney Griffin, proceeding *pro se*, filed a "Complaint to Restrain, Restrict, Prohibit and Set Aside Foreclosure," accompanied by an application seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 and 2.) Due to deficiencies in the application, on May 13, 2014, the court entered an order directing Griffin either to file a properly completed *in forma pauperis* application or pay the civil filing fee. (ECF No. 5.) On June 2, 2014, Griffin filed a second application to proceed *in forma pauperis* with a properly completed affidavit. (ECF No. 7.) On June 3, 2014, the court granted the *in forma pauperis* application. Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

## I.  PROPOSED FINDINGS OF FACT

This action relates to a non-judicial foreclosure of real property located at 7945 Oak Spring Cove, in Millington, Tennessee ("Property").  According to the complaint, on March 31, 2014, Griffin received a written notice from the law firm of Rubin Lublin, PLLC, informing him that the Property was in foreclosure and that the law firm had been retained by defendant Bank of America, N.A. ("BOA"), to handle the foreclosure proceedings.  The notice indicated that the Property would be sold at auction on May 8, 2014.  The complaint alleges that on April 19, 2014, Griffin sent a Qualified Written Request ("QWR") to BOA.  A copy of the QWR is attached to the complaint.  Through the QWR, Griffin requested that BOA investigate and conduct an audit on the account in order to "validate the debt so that it is accurate to the penny."  The complaint alleges that BOA "fail[ed] to rebut" the QWR, and as a result, violated the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605(e) ("RESPA").  Griffin also claims that BOA has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), engaged in fraud, violated Griffin's due process rights, and cannot proceed with the foreclosure because it does not possess the original signed copy of the promissory note.

## II.  PROPOSED CONCLUSIONS OF LAW

**A.  28 U.S.C. § 1915(e)(2)**

The court is required to screen *in forma pauperis* complaints

and to dismiss any complaint, or any portion thereof, if the action —

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is

hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>see also</u> <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); <u>cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before

[4]

it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

**B.   Claims**

   1.   <u>RESPA</u>

In enacting RESPA

> Congress's intent was "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country."

<u>Marais v. Chase Home Fin., LLC</u>, No. 2:11-cv-314, 2014 WL 2515474, at *5 (S.D. Ohio June 4, 2014) (quoting <u>Vega v. First Fed. Sav. & Loan Ass'n of Detroit</u>, 622 F.2d 918, 923 (6th Cir. 1980) and 12 U.S.C. § 2601(a)). "Although the 'settlement process' targeted by the statute was originally limited to the negotiation and execution of mortgage contracts, the scope of the statute's provisions was expanded in 1990 to encompass loan servicing." <u>Marais</u>, 2014 WL 2515474, at *5 (quoting <u>Medrano v. Flagstar Bank, FSB</u>, 704 F.3d 661, 665-66 (9th Cir. 2012) (citations omitted)). "As a remedial statute, RESPA is construed broadly to effectuate its purposes." <u>Marais</u>, 2014 WL 2515474, at *5 (citing <u>Carter v. Welles-Bowen Realty, Inc.</u>, 553 F.3d 979, 985-86, n.5 (6th Cir. 2009)); <u>see also</u> <u>Medrano</u>, 704 F.3d at 665-66 (citations omitted) (internal quotation marks omitted) ("RESPA's provisions relating to loan servicing procedures should be construed liberally to serve

the statute's remedial purpose."). Under RESPA, a QWR is a written request, other than notice on a payment coupon or other payment medium supplied by the servicer, that includes the name and account of the borrower, and a statement of the reasons for the belief of the borrower that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B). The law places an obligation upon the servicer to respond to a QWR by conducting an investigation and providing the borrower with a written explanation or clarification as to why the servicer believes the account of the borrower is correct or the information sought is unavailable or cannot be obtained, or if the account is incorrect, by making appropriate corrections in the account of the borrower. 12 U.S.C. § 2605(e)(2). Here, the court finds that the complaint's allegations, together with the attached exhibits, sufficiently allege a violation of RESPA.

2.   FDCPA

On page 3 of the complaint, Griffin references "Title 62 of the Revised Statutes of the Fair Debt Collection Act." This conclusory reference to a violation of the FDCPA is not sufficient to state a plausible claim under the Act. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To be held liable under the FDCPA, a defendant must be a "debt collector" within its meaning.

Notably, the FDCPA distinguishes between the term "creditor" and "debt collector." A creditor is "any person who offers or extends credit creating a debt or to who a debt is owed," while the term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (4), (6). It is "well-settled" generally that "a creditor is not a debt collector for the purposes of FDCPA and creditors are not subject to the FDCPA when collecting their accounts." Dey El ex rel. Ellis v. First Tenn. Bank, No. 13-2449-JDT-dkv, 2013 WL 6092849, at *10 (W.D. Tenn. Nov. 18, 2013) (quoting MacDermid v. Discover Fin. Serv., 488 F.3d 721, 735 (6th Cir. 2007) and Stafford v. Cross Country Bank, 262 F.Supp.2d 776, 794 (W.D. Ky. 2003)). "The term 'debt collector' does not include 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.'" Dey El ex rel. Ellis, 2013 WL 6092849, at *10 (quoting 15 U.S.C. § 1692a(6)(F)(iii)). "In other words, the term 'debt collector' does not include 'the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" Dey El ex rel.

*Ellis*, 2013 WL 6092849, at *10 (quoting <u>Wadlington v. Credit</u> <u>Acceptance Corp.</u>, 76 F.3d 103, 106 (6th Cir. 1996)). Because BOA does not qualify as a "debt collector" within the meaning of the FDCPA, it is recommended that any claims under the FDCPA be dismissed for failure to state a claim.

    3. <u>Fraud</u>

To comply with Federal Rule of Civil Procedure 9(b), a complaint alleging a fraudulent representation "must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" <u>Frank</u> <u>v. Dana Corp.</u>, 547 F.3d 564, 570 (6th Cir. 2008) (quoting <u>Gupta v.</u> <u>Terra Nitrogen Corp.</u>, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). A plaintiff must, "[a]t a minimum . . . allege the time, place and contents of the misrepresentations." <u>Id.</u> (citing <u>Bender v.</u> <u>Southland Corp.</u>, 749 F.2d 1205, 1216 (6th Cir. 1984)). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." <u>Bovee v. Coopers</u> <u>& Lybrand C.P.A.</u>, 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff who asserts a claim based on a failure to disclose must plead all the elements with particularity. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297, at 72-73, 101 (3d ed. 2004).

In his complaint, Griffin fails to identify any false statement allegedly made by BOA, nor does he identify the speaker, time, or place of any false representation. Accordingly, Griffin fails to plead fraud with the particularity required by Rule 9. Therefore, the complaint fails to state a claim for fraud.

4. Due Process

Griffin's complaint alleges that defendant is "attempting to violate plaintiffs' V Amendment guarantees of the Constitution of the United States right to due process protections by attempting to seize plaintiffs' real property through a non-judicial foreclosure and sale by auction." (ECF No. 1.) Griffin has not invoked 42 U.S.C. § 1983, which redresses violations of the United States Constitution. In any event, a claim for constitutional violations of due process requires an allegation of unlawful action by the government; such an action cannot be maintained against private parties. Public Utilities Comm'n of District of Columbia v. Pollak, 343 U.S. 451, 461 (1952). BOA is a private party. The "strong consensus of federal and state courts, including the Sixth Circuit" is "that non-judicial foreclosures do not involve [governmental] action." Gilkey v. Wells Fargo Bank, N.A., No. 12-2965, 2013 WL 4432163, at *7 (W.D. Tenn. Aug. 16, 2013) (quoting Angeline Renee Drake v. Citimortgage, Inc., No. 1:10-CV-305, 2011 WL 1396774, at *4 (E.D. Tenn. Apr. 13, 2011)). It is recommended that the due

process claims be dismissed for failure to state a claim.

    5.   Right to Foreclose

The complaint alleges that BOA does not possess or own the original promissory note, and thus cannot proceed with the foreclosure. These allegations are not sufficient to comply with Fed. R. Civ. P. 8. See Coe v. Homecomings Fin., LLC, 509 F. App'x 520, 521 (6th Cir. 2013) ("Coe also asserts that Homecomings lacked authority to demand foreclosure on his property because Homecomings did not possess or own the original note and deed of trust. If such an obligation arose under a contract among the parties, the allegations are not sufficiently detailed to comply with Rule 8."); Mhoon v. U.S Bank Home Mortg, No. 12-cv-03053-JPM-tmp, 2013 WL 6858680, at *8 (W.D. Tenn. Dec. 30, 2013); Malone v. U.S. Bank Nat'l Ass'n, No. 12-3019-STA, 2013 WL 392487, at *3 (W.D .Tenn. Jan. 30, 2013). The complaint fails to state a claim based on BOA's purported lack of the right to foreclose on the Property.

## III.  RECOMMENDATION

For the reasons above, it is recommended that all claims except for the claim brought under RESPA be dismissed *sua sponte* for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Should this recommendation be adopted, it is further recommended that an order be entered directing the Clerk to issue process for Bank of America, N.A. and deliver that process to the

Marshal for service.

      Respectfully submitted,

                                   s/ Tu M. Pham
                                   TU M. PHAM
                                   United States Magistrate Judge

                                   June 30, 2014
                                   Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**