# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-02335-JTF-tmp |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
and
ORDER DIRECTING THE CLERK TO ISSUE PROCESS

Before the Court is *pro se* Plaintiff Rodney Griffin's Complaint to Restrain, Restrict, Prohibit and Set Aside Foreclosure filed on May 7, 2014. (Compl., ECF No. 1). The Court granted Plaintiff's Motion to proceed *in forma pauperis* and the matter was referred to the Magistrate Judge for administration pursuant to the Federal Magistrate's Act, 28 U.S.C. §§631-639. (ECF No. 8). On June 30, 2014, the Magistrate Judge issued his report and recommendation, recommending that all claims other than those brought under RESPA be dismissed *sua sponte* for failure to state a claim pursuant to 29 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 9). No objections have been filed.

The action pertains to the non-judicial foreclosure of Plaintiff's property located at 7945 Oak Spring Cove in Millington, Tennessee.[1] The Court adopts the Magistrate's proposed findings of fact that: 1) Plaintiff was advised on March 31, 2014 that his property was in foreclosure proceedings and scheduled to be sold at auction on May 8, 2014; 2) Plaintiff sent a

---
[1] The terms of the loan agreement were registered property was registered in a Deed of Trust dated December 14, 2014 and recorded as Instrument No. 08004424. (Compl., ECF No. 1 ).

1

Qualified Written Request ("QWR") to Bank of America ("BOA") on April 19, 2014, requesting validation of the account; 3) BOA allegedly failed to honor his request for the validation in violation of the Real Estate Settlement Procedure Act ("RESPA") or 12 U.S.C. §2605(e) and; 4) Plaintiff asserts additional violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, *et seq*. including claims of fraud and violation of his due process rights.

In screening Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2)(b), the Magistrate examined whether Plaintiff had sufficiently stated claims upon which relief could be granted under Fed. R. Civ. P. 12(b)(6). Construing the complaint in a light most favorable to the Plaintiff, the Magistrate concluded that Plaintiff had sufficiently alleged a RESPA claim under 12 U.S.C. §2605(e)(2). *Marais v. Chase Home Fin., LLC,* No. 2:11-cv-314, 2014 WL 2515474, at *5 (S.D. Ohio June 4, 2014) *quoting*, *Vega v. First Fed. Sav. & Loan Assn'n of Detroit*, 622 F.2d 918, 923 (6th Cir. 1980). The Magistrate indicated that RESPA requires a loan servicer to respond to a borrower's QWR, conduct an investigation and make any corrections needed on the account. Because Plaintiff's complaint asserts that BOA failed to respond to his QWR in this case, the claim is sufficiently alleged.

However, the Magistrate recommended that the following claims be dismissed: 1) all claims under the FDCPA since BOA is a private party and does not qualify as a debt collector; 2) Plaintiff's fraud claims because they are not pled with particularity under Fed. R. Civ. P. 9; 3) Plaintiff's Fifth Amendment claims since BOA is not a governmental entity subject to constitutional due process claims; and 4) the claims regarding BOA's right to foreclose because they fail to satisfy Fed. R. Civ. P. 8. See *Dey El ex rel. Ellis v. First Tenn. Bank*, No. 13-2449-JDT-dkv, 2013 WL 6092849, at *10 (W.D. Tenn. Nov. 18, 2013), *quoting, MacDermid v.*

*Discover Fin. Serv.*, 488 F.3d 721, 735 (6th Cir. 2007); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008); *Gilkey v. Wells Fargo Bank, N.A.,* No. 12-29656, 2013 WL 4432163, at *7 (W.D. Tenn. Aug. 16, 2013).

After reviewing the Magistrate Judge's report and recommendation and the entire record, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DISMISSES** *sua sponte* all claims pursuant to 28 U.S.C. § 1915(e) (2) (B)(ii ) except the claims brought under RESPA. Therefore, Plaintiff's claims against Bank of America pursuant to 12 U.S.C. §2605 (e) shall proceed. The Court further directs the Clerk to issue process for Bank of America, N.A. and deliver that process to the U.S. Marshal for service.

**IT IS SO ORDERED** this 15th day of July, 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE