# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-02335-JTF-tmp |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS TO ENJOIN AND TO AMEND COMPLAINT AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO DISMISS CASE WITH PREJUDICE**

Before the Court is Plaintiff's *pro se* Motion to Enjoin Party and Motion for Leave to file an Amended Complaint filed on November 12, 2014. (ECF No. 22 and ECF No. 23). Also pending before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion for Summary Judgment filed on September 12, 2014. (ECF No. 35). On April 30, 2015, all of the motions were referred to the Magistrate Judge for Determination and/or Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 44). The Magistrate Judge has issued reports and recommendations on all three motions to which no objections have been filed. (ECF No. 45 and ECF No. 46).

## I. FINDINGS OF FACT

On May 7, 2014, Plaintiff proceeding *pro se* filed a "Complaint to Restrain, Restrict, Prohibit, and Set Aside Foreclosure" along with an application to proceed *in forma pauperis*.

1

(ECF No. 1 and ECF No. 2). The Court adopts the proposed findings of fact contained in the Magistrate Judge's reports and recommendations. (ECF No. 9, ECF No. 45 and ECF No. 47). In summary, based on BANA's alleged failure to respond to his Qualified Written Request ("QWR"), Plaintiff seeks reversal of the non-judicial foreclosure of his Millington, Tennessee residence. The matter was referred to the Magistrate Judge who granted Plaintiff leave to proceed *in forma pauperis*. Upon further screening, the Magistrate Judge also determined that Plaintiff's claim under the Real Estate Settlement Procedure Act, or "RESPA," had been sufficiently alleged. *See* 28 U.S.C. §§ 631-639, 28 U.S.C. §§ 1915(a) and (e), and LR 4.1(b)(2),

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrate [judges]." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). The nature of the matter considered by the magistrate judge, dispositive or nondispositive, determines the standard of review by the district court. *See* Fed R. Civ. P. 72(b)(3). "A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures." *Baker*, 67 Fed. App'x. at 310. However, a district court judge must review dispositive motions under the *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636 (b)(1)(A). After review, the district court is free to accept, reject or modify the proposed findings or recommendations of the magistrate judge. *See Thomas*, 474 U.S. at 150.

Any party who disagrees with a magistrate judge's recommendation may file written objections to the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); Fed. R. Civ. P. 72 (b), 28 U.S.C. § 636(b)(1)(C) and LR 72.1(g)(2). When a party fails to timely

object to a magistrate judge's recommended decision, it waives any right to further judicial review of that decision. *Thomas*, 474 U.S. at 149 n.7 and *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). Therefore, a district judge should adopt the findings and rulings of the magistrate judge to which a specific objection is not filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014).

**III. ANALYSIS**

*A. Report and Recommendation to Deny Plaintiff's Motions to Enjoin and to Amend Complaint*

On November 12, 2014, Plaintiff filed a "Motion to Enjoin Party," namely Attorney Rubin Lublin, and a [Motion for Leave] to Amend[] Complaint." Defendant filed Responses in Opposition on November 26, 2014. (ECF No. 22 through ECF No. 25). Rubin Lublin is the attorney retained by BANA to handle foreclosure proceedings. On May 29, 2015, the Magistrate Judge entered a Report and Recommendation, recommending that both motions be denied. (ECF No. 45).[1] In so doing, the Magistrate Judge concluded that Rubin Lublin nor his law partners qualify as "servicers" under RESPA or as "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA").[2] The Magistrate Judge also concluded that amending the complaint to add claims of false statement, fraud, and due process violations would all prove futile. The Magistrate Judge reasoned that said amendment would only add claims for which relief could not be granted, and therefore recommended that the Motion to Enjoin and Motion to Amend be denied. (ECF No. 45, pp. 9-11).

---

[1] The Magistrate Judge construed the Motion to Enjoin, ECF No. 22, also as a motion to amend the complaint pursuant to Fed. R. Civ. P. 15. (ECF No. 45 n.1).
[2] *See* 12 U.S.C. §§ 2605(i)(2) and (3) and 15 U.S.C. § 1692; *Stamper v. Wilson & Associates, PLLC,* No. 3:09-cv-270, 2010 WL 1408585 (E.D. Tenn. Mar. 31, 2010); *Morton v. Bank of America, N.A.,* No. 1:12-cv-511, 2013 WL 3716841, at *7 (W.D. Mich. July 12, 2013)(holding the failure to respond to qualified written requests of QWRs only attaches to loan servicers), *Hutchens v. Bank of America, N.A.,* No. 3:11-cv-624, 2012 WL 1618316, at *8 (E.D. Tenn. May 9, 2012) and *Joyner v. MERS*, 451 Fed. App'x 505, 507 (6th Cir. 2011).

As noted above, Plaintiff has failed to object to the Magistrate Judge's report and recommendation as required by Fed. R. Civ. P. 72(b)(2). After reviewing the motions and the Magistrate Judge's report and recommendation for clear error, the Court adopts the report and recommendation and finds these motions should be **DENIED.**

B. *Report and Recommendation to Grant Defendant's Motion for Summary Judgment*

On March 6, 2015, Defendant filed a Motion for Summary Judgment and Statement of Undisputed Material Facts pursuant to Fed. R. Civ. P. 56. (ECF No. 35 and ECF No. 36).[3] In his report and recommendation, the Magistrate Judge examined whether Plaintiff had adequately complied with 24 C.F.R. 3500.21(e)(1) by properly submitting his QWR in order to establish a viable RESPA claim. (ECF No. 47). The Magistrate Judge concluded that BANA's duty to respond to Plaintiff's QWR was not triggered in this case based on Plaintiff's failure to send a qualified correspondence to the servicer's designated address as required. *See Moody v. CitiMortgage, Inc.,* 32 F.Supp.3d 869, 873 (W.D. Mich. 2014) and *Jestes v. Saxon*, No. 2:11-00059, 2014 WL 1847806, at *6-7 (M.D. Tenn. May 8, 2014). It is undisputed that Plaintiff failed to mail his QWR to the correct and designated address. (ECF No. 1-1 and ECF No. 46, ¶ 2).

As further noted by the Magistrate Judge, Plaintiff has not demonstrated or refuted that the servicer in this case was aware of his QWR in order to excuse his failure to submit the correspondence to the appropriate address. The RESPA claim is the only issue that survived the *in forma pauperis* screening process. On this issue, Plaintiff has failed to identify a genuine factual dispute. (ECF No. 47, ¶3, ECF No. 9). Again, since no objections have been filed to the report and recommendation and the Court having conducted a *de novo* review, the Magistrate

---

[3] On April 29, 2015, Attorney Ted Jones filed a Notice of Appearance on behalf of Plaintiff and a Response in Opposition to Defendant's Motion for Summary Judgment was filed on the following day. (ECF No. 41 and ECF No. 42).

Judge's report and recommendation should be adopted and Defendant's motion for summary judgment **GRANTED.**

Lastly, the Court will address that Plaintiff filed a handwritten "Motion to Drop Law Suit" on June 17, 2015, which appears to be a motion for voluntary dismissal. (ECF No. 48).[4] Plaintiff's purported motion to dismiss indicates that the parties are attempting to reverse the foreclosure proceeding and restore his ownership of the residence. Without signatures from all of the parties involved or even of Plaintiff's counsel, the Court will not presume that this arrangement is pending.

A plaintiff may voluntarily dismiss a lawsuit without court order at any time before an opposing party has filed an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). In this regard, a motion for summary judgment is pending for which the Magistrate Judge has issued a report and recommendation. (ECF No. 35 and ECF No. 47). The *pro se* motion for voluntary dismissal also does not qualify as a stipulation of dismissal without signatures of all the parties who have appeared in this matter. *See Aamot v. Kassel,* 1 F.3d 441, 444 n.4 (6th Cir. 1993)(an action may be dismissed without order of the court by filing a notice of dismissal at any time before service of an answer or a motion for summary judgment by the adverse party). *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

Fed. R. Civ. P. 41(a)(2) provides guidance for those cases excluded under 41(a)(1) in which a motion for summary judgment has been filed. In these cases, the action may only be dismissed at Plaintiff's request by court order, on terms and conditions in which the Court deems fit. Said terms and conditions favoring a voluntary dismissal do not exist in this instance.

---

[4] The electronic record of this case shows that Plaintiff retained counsel, Ted Jones, on April 29, 2015. (ECF No. 41). Despite having retained counsel, it is clear that the motion to dismiss was prepared and filed by Mr. Griffin, without assistance of counsel. It fails to comply with Fed. R. Civ. P. 7 or LR 7.2. The pleading also lacks a certificate of consultation with opposing counsel for BANA as well as a certificate of service upon BANA and its representatives in accordance with LR 11.3.

Plaintiff has displayed a history of filing motions that have been resolved unfavorably. (ECF No. 16, ECF No. 21, ECF No. 26, and ECF No. 38). There have been many court proceedings and status conferences including one in which Plaintiff failed to appear. (ECF No. 29, ECF No. 31, and ECF No. 40). Tremendous judicial resources have been expended by the Court in managing this case. In particular, the Magistrate Judge has issued multiple reports and recommendations, including the most recent on Defendant's Motion for Summary Judgment. *See Grover v. Eli Lilly and Co*., 33 F.3d 716 (6th Cir. 1994) and *Bridgeport Music, Inc., v. Universal-MCA Music Pub., Inc*., 583 F.3d 948, 953 (6th Cir. 2009).

In order to circumvent any efforts to dismiss this case in order to refile or avoid the Court adopting the Magistrate Judge's recommendation to grant Defendant's motion for summary judgment, the Court denies Plaintiff's *pro se* motion to voluntary dismiss this action as MOOT. The Court adopts the Magistrate Judge's report and recommendation and finds that Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 should be **GRANTED** and the case **DISMISSED** with prejudice.

**IT IS SO ORDERED** on this 24th day of June, 2015.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE